IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00828-ZLW

RANDALL ELSWORTH MORELAND,

     Applicant,

v.

R. WILEY, Warden,

     Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 1 2007

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant Randall Elsworth Moreland has filed **pro se** on May 22, 2007, a

"Motion for Reconsideration of Court's Opinion and Order." Mr. Moreland asks the

Court to reconsider the Court's Order and Judgment of Dismissal filed in this action on

May 11, 2007. The Court must construe the motion liberally because Mr. Moreland is

representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

**Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the

motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Moreland filed his motion to reconsider within ten days after the

Court's Order and Judgment of Dismissal. **See** Fed. R. Civ. P. 6(a) (time periods of

less than eleven days exclude intervening Saturdays, Sundays, and legal holidays).

Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See*

*Van Skiver*, 952 F.2d at 1243.

In the instant habeas corpus action Mr. Moreland challenged the decision of

the Bureau of Prisons (BOP) that he is not eligible for a sentence reduction upon

successful completion of a drug abuse treatment program. Mr. Moreland specifically

claimed that the BOP's 1997 interim regulation governing eligibility for sentence

reductions violated the Administrative Procedure Act (APA). The Court determined that

Mr. Moreland lacks standing to challenge the 1997 interim regulation because, although

he was denied provisional eligibility for a sentence reduction in October 1998 pursuant

to the 1997 interim regulation, he did not enter the drug abuse treatment program until

August 2006, long after a final regulation was adopted in compliance with the APA.

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Moreland fails to demonstrate some reason why the Court should reconsider

and vacate the order to dismiss this action. The three major grounds that justify

reconsideration are: (1) an intervening change in controlling law; (2) the availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See*

*Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Moreland does not allege

the existence of any new law or evidence and he fails to convince the Court of the need

to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider

will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration of Court's Opinion and Order"
filed on May 22, 2007, is denied.

DATED at Denver, Colorado, this ___*l*___ day of _____*June*_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00828-BNB

Randall E. Moreland
Reg. No. 10187-023
Federal Camp Prison
PO Box 5000
Florence, CO 81226

      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _6/1/07_

GREGORY C. LANGHAM, CLERK

By:_____
              Deputy Clerk